

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

Gerald C. Mann
~~PRICE DANIEL~~
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Dear Sir:

Opinion No. O-4910
Re: Construction of the
Certificate of Title
Act as applied to liens
on accessories created
prior to May 3, 1941.

You have requested an opinion of this department
in answer to the question of whether the Texas Highway Department should require evidence of satisfaction of all first
liens on accessories which were recorded on titles prior to
the effective date of House Bill 205, 47th Legislature, Regular Session, before issuing title to a purchaser at foreclosure proceedings brought under the first lien on the motor
vehicle. That is, can the Highway Department disregard entirely all first liens on accessories placed on record against
motor vehicles with the Department of Public Safety prior to
May 3, 1941?

Your request of October 5, 1942, since it cites
the legislative act and opinions of this department, and in
the interest of saving time, will be copied in full herein,
to-wit:

"Reference is made to Opinion No. O-1261
dated September 18, 1939 wherein you advised the
Department of Public Safety that it was the opinion of your Department that liens placed only on
tires, radios, parts and accessories should be
noted on the certificate of title as 'liens on
the motor vehicle' under section 24-G of House
Bill 407, Acts of the 46th Legislature, 1939.

"Further reference is made to your opinion
No. O-2467 dated July 2, 1940 wherein you informed
the Department of Public Safety that:

"'The lien of the vendor of the tire,
tube, or other accessory is a first
lien against such article and is superior to the lien of original vendor of
the motor vehicle to which said accessory
is attached. This is true even though the
original mortgage on the motor vehicle contains an 'after acquired property' clause.

"'It is the opinion of this Department, therefore, that the Department of Public Safety may not issue a certificate of title on a motor vehicle upon affidavit of re-possession without noting on said certificate of title the first lien of the vendor of the tires, radio, or other accessory which is attached to the motor vehicle unless the applicant for the new certificate of title who is the purchaser at the foreclosure sale produces evidence before your Department that such first lien against such autobobile accessory has been satisfied.'

"House Bill 407, Acts of the 46th Legislature, 1939, known as the Certificate of Title Law, became effective October 1, 1939. After that date and prior to May 3, 1941, the effective date of House Bill 205, Acts of the 47th Legislature, which amended House Bill 407 many thousands of first liens on accessories were recorded as such on the official records of the Certificate of Title Division of the Department of Public Safety. It was the practice of the Department of Public Safety, in line with opinion No. 0-2467, to require first liens on accessories either to be released or carried forward on all re-issued titles after once having been recorded.

"On May 3, 1941 the administration of the certificate of title act wamby the terms of House Bill 205, Acts of the 47th Legislature, R. S., transferred from the Department of Public Safety to the Texas Highway Department. Since that time the act has been administered by this Department. Section 8 of House Bill 205, Acts of the 47th Legislature, which reads as follows:

"'Section 8. That a new section to be known as 1-A be added to read as follows: Sec. 1-A; The provisions of House Bill 407, Chapter 4, Acts of the 46th Legislature, Regular Session, and as by this act amended, shall not apply to the filing or recording of a lien or liens which are created only upon tires, radios, heaters or other automobile accessories.'

has been interpreted by this Department to mean that from and after the effective date of House Bill 205 first liens on tires, radios, heaters or other automobile accessories may not be recorded with this Department as such upon the title of any motor vehicle, but that liens on tires, heaters and other automobile accessories may be recorded upon

Hon. D. C. Greer, page 3

the title of such motor vehicles as a second lien
against the vehicle itself. This Department has
also interpreted the amended act to provide that
all of those first liens on tires, radios, heaters
and other automobile accessories which were properly
recorded under opinion No. O-2467 and prior to the
effective date of House Bill 205 are good and valid
first liens on such accessories and we have required
the purchaser at the foreclosure sale and who is ap-
plying for title to produce evidence before this
Department that such first lien against such auto-
mobile accessory has been satisfied before issuing
title on his application.

"Our position in this matter has been challen-
ged and we would be pleased to have your opinion on
whether we should require evidence of satisfaction
of all first liens on accessories which were recorded
on titles prior to the effective date of House Bill
205, before issuing title to purchaser at foreclosure
proceedings brought under the first liens on the motor
vehicle. To state the question differently, may we dis-
regard entirely all first liens on accessories placed
on record against motor vehicles with the Department
prior to May 3, 1941?"

We believe you have properly construed the
Certificate of Title Act, as amended by House Bill 205.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  /s/ Eugene N. Catlett
                    Assistan t

ENC:EP:jrb

APPROVED DEC. 22, 1942
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By BWB, Chairman